UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CURTIS COAST, SR., a married man; and THERESA COAST, a married woman,<br><br>            Plaintiffs,<br><br>   v.<br><br>DAVID PLAZA, a Woodland Police Officer, and his marital community, GEARY ENBODY, a Woodland Police Officer, and his marital community, and CITY OF WOODLAND, a municipal corporation,<br><br>            Defendant. | CASE NO. 11-5501 RJB<br><br>ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RULING ON QUALIFIED IMMUNITY |

This matter comes before the Court on Defendants' Motion to Stay Discovery Pending Ruling on Qualified Immunity. Dkt. 18. The Court has considered the pleadings filed regarding the motion and the remaining record, and is fully advised.

On June 30, 2011, Plaintiffs filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated their civil rights when Defendants removed Plaintiffs' children from their

| | |
|---|---|
| 1 | custody. Dkt. 1. Specifically, Plaintiffs claim that officer Plaza violated their Fourteenth |
| 2 | Amendment substantive due process right by interfering with their family relationships, that |
| 3 | Officers Plaza and Enbody violated "Plaintiffs' Fourth and Fourteenth Amendment rights false |
| 4 | imprisonment)," and that the City of Woodland violated their Fourth Amendment and Fourteenth |
| 5 | Amendment substantive due process right. *Id.* This case is scheduled to go to trial on August |
| 6 | 27, 2012. Dkt. 16. The discovery cut off is April 30, 2012, and the dispositive motions deadline |
| 7 | is May 29, 2012. *Id.* |

Defendants now move the Court for an order staying discovery until after the Court determines whether Defendants are entitled to qualified immunity. Dkts. 18 and 20. Defendants state that they that they are protected by qualified immunity and "anticipate filing this motion within the next few weeks." Dkt. 18. Plaintiffs oppose the motion. Dkt. 19. Plaintiffs argue that discovery should not be stayed, particularly on discovery related to the qualified immunity defense. Dkt. 19.

In order to fully and fairly consider the issues raised by Defendants' assertion of the qualified immunity defense, the motion to stay discovery should be denied. Parties should focus their discovery efforts on qualified immunity issues, if a motion for dismissal based on qualified immunity is imminent. However, a stay of discovery is not warranted at this time.

It is **ORDERED** that:

Defendants' Motion to Stay Discovery Pending Ruling on Qualified Immunity (Dkt. 18) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of November, 2011.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' MOTION TO STAY
DISCOVERY PENDING RULING ON
QUALIFIED IMMUNITY- 3